## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEVILAYSHA "LEVI" HOOVER<br>169 N. 11th Street<br>Reading, PA 19604<br><br>    Plaintiff,<br> v.<br><br>UNITED PARCEL SERVICE, INC.<br>410 Reading Crest Avenue<br>Reading, PA 19605<br><br>    Defendant. | : : : : : : : : : : : : : : : | CIVIL ACTION<br><br>No.:<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Levilaysha "Levi" Hoover (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by the United Parcel Service, Inc. (*hereinafter* "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000(d) *et seq*.) and the Pennsylvania Human Relations Act ("PHRA"). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC. Plaintiff has also properly exhausted his administrative proceedings before initiating this action by timely filing a Complaint with the PHRC and by filing the instant lawsuit more than one (1) year after he filed his Charge.

## PARTIES

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. The United Parcel Service, Inc. is a shipping, receiving and supply chain management company, with a facility located at the above-captioned address

9. At all times relevant herein, Defendant acted through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant on or about November 12, 2020, as a Package Deliverer based out of Defendant's 157 Tuckerton Road, Reading, Pennsylvania location.

12. In total, Plaintiff worked for Defendant for approximately 6 weeks until his unlawful termination/constructive termination (discussed further *infra*) on or about December 23, 2020.

13. At the time of Plaintiff's termination, he was primarily supervised by Manager, Eric (last name unknown, *hereinafter* "Eric").

14. Plaintiff is an adult transgender male (biologically born female), who has undergone medical transitioning.

15. Plaintiff presents as a man, in men's clothing, and is addressed solely as "Levi."

16. Complainant informed Eric upon his hire that he identified as a transgender male.

17. During his employment with Defendant, Plaintiff was a hard-working employee who performed his job well.

18. As a Package Deliverer for Defendant, Plaintiff was required to ride along with a truck driver/delivery driver.

19. From on or about November 12, 2020 until Complainant's termination/constructive termination on or about December 23, 2020, Complainant was subjected to multiple forms of harassment by Defendant's truck driver employees.

20. For example, Plaintiff was initially assigned to ride with truck driver, Anthony Matz (*hereinafter* "Matz"), who harassed Plaintiff and threatened to throw him from the truck, after which Plaintiff was paired with truck driver, Joseph Crawling (*hereinafter* "Crawling").

21. Without fail, during almost every one of his delivery trips with Crawling, Plaintiff observed and/or was subjected to unwelcomed gender-based harassing, offensive, and violent comments about a young girl on Plaintiff's delivery route as well as members of the LGBTQIA community (of which Plaintiff is a member).[1]  By way of example but not intended to be an exhaustive list, Crawling:

---

[1] "[I]t is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex." *Bostock v. Clayton County*, Nos. 17-1618, 17-1623 and 18-107, 2020 U.S. LEXIS 3252, at *36 (2020) ("An employer who fires an individual for being homosexual or transgender fires that person for traits or actions it would not have questioned in members of a different sex.  Sex plays a necessary and undisguisable role in the decision; exactly what Title VII forbids.").  Moreover, "[b]y holding that Title VII protected a woman who failed to conform to social expectations concerning how a woman should look and behave, the Supreme Court established that Title VII's reference to "sex" encompasses both the biological differences between men and women, and gender discrimination, that is, discrimination based on a failure to conform to stereotypical gender norms." *Smith v. Salem,* 378 F.3d 566, 574-75 (6th Cir. 2004) (citing *Price Waterhouse v. Hopkins*, 490 U.S. at 228, 251 (1989)). The *Smith* Court also extended Title VII protection to claims arising out of discrimination based solely on the fact that an individual is transgender or transitioning, because "**it is analytically impossible to fire an employee based on that employee's status as a transgender person without being motivated, at least in part, by the employee's sex.**" *Id.* at 575 (emphasis added).  Several courts have adopted this reasoning, finding that a transgender employee plaintiff can state a claim under Title VII for sex discrimination on the basis of a sex-stereotyping theory. *See Schwenk v. Hartford*, 204 F.3d 1187, 1202 (9th Cir. 2000) (stating Title VII encompasses instances in which "the perpetrator's actions stem from the fact that he believed that the victim was a man who 'failed to act like' one" and that "sex" under Title VII encompasses both the anatomical differences between men and women and gender); *see also Rene v. MGM Grand Hotel*, *Inc.*, 305 F.3d 1061, 1068 (9th Cir. 2002) (en banc) (Pregerson, J., concurring) (noting Ninth Circuit previously found that "same-sex gender stereotyping" of a male gay employee by his male co-workers constituted actionable harassment under Title VII; *Bibby v. Philadelphia Coca Cola Bottling Co.*, 260 F.3d 257, 262-63 (3d Cir. 2001) (stating plaintiff may be able to prove claim of sex discrimination by showing "harasser's conduct was motivated by a belief that the victim did not conform to the stereotypes of his or her gender"); *Nichols v. Azteca Rest. Enters.*, *Inc.*, 256 F.3d 864, 874-75 (9th Cir. 2001) (holding harassment "based upon the perception that [the plaintiff] is effeminate" is discrimination because of sex, in violation of Title VII), *overruling DeSantis v. Pac. Tel. & Tel. Co., Inc.*, 608 F.2d 327 (9th Cir. 1979); *Doe v. Belleville*, 119 F.3d 563, 580-81 (7th Cir. 1997) (holding that "Title VII does not permit an employee to be treated adversely because his or her appearance or conduct does not conform to stereotypical gender roles" and explaining that "a man who is harassed because his voice is soft, his physique is slight, his hair long, or because in some other respect he exhibits his masculinity in a way that does not meet his coworkers' idea of how men are to appear and behave, is harassed "because of his sex"), *vacated and remanded on other grounds*, 523 U.S. 1001, 140 L. Ed. 2d 313, 118 S. Ct. 1183 (1998).

a. Made several sexual comments about an adolescent girl on the delivery route, stating "she would be just right for my boy";

b. Hostilely referred to a transgender female on the delivery route at the Dollar General Distribution Center as an "it," stating "I know that is a man. I have been watching him closely for five years, and 'he' has an Adam's apple"; and

c. Referred to members of the LGBTQIA community, particularly transgender individuals, as "shims," further stating "why are they allowed to be like that; why are they allowed to do those things" – (*i.e.*, not conforming to sexual stereotypes for their biological genders).

22. Throughout his employment with Defendant, Plaintiff did his best to either ignore Crawling's aforementioned harassing and offensive behavior or indicate through his actions and complaints to both Eric and Crawley that he was uncomfortable with Crawling's conduct.

23. However, Eric simply laughed at Plaintiff's aforesaid complaints, and the discriminatory and offensive behavior did not cease. As a result, Plaintiff grew exceedingly fearful for his safety (as a transgender male) riding with Crawling.

24. For example, on at least one occasion following Plaintiff's objections to Crawling's aforesaid gender based and/or sex-stereotyping discriminatory behavior, Crawling slapped Plaintiff's chest – upon Plaintiff's information and belief, to determine if Plaintiff was transgender by feeling whether he had any breasts and was thus biologically female.

25. Furthermore, or about December 23, 2020, Plaintiff verbally opposed Crawling's offensive comments about transgender individuals, specifically that transgender individuals did not conform to sexual stereotypes for their biological genders, by complaining that Crawling

should not refer to transgender individuals as "its or shims" because "they are people" and he should "not talk about people like that."

26. In response to Plaintiff's objections to/complaints regarding Crawling's gender-based offensive slurs toward the LGBTQIA community, Crawling hostilely berated Plaintiff for "sticking up for those people," and informed Plaintiff that "I'm done with this, it is about to get physical." Fearing for his safety, as a transgender male, Plaintiff immediately jumped out of the truck to avoid being physically assaulted.

27. While Plaintiff eventually reentered the truck with Crawling on or about December 23, 2020, following Crawling's aforesaid threats of physical violence as a result of Plaintiff's complaints of gender-based and/or sex-stereotyping comments and discrimination, he immediately reached out to Eric to complain of Crawling's conduct when he returned to Defendant's facility.

28. Specifically, Plaintiff complained to Eric that he did not feel safe given Crawling's gender-based offensive, harassing, and threatening comments and conduct, particularly about the transgender community, as Plaintiff is a transgender male.

29. Plaintiff further informed Defendant that Crawling's discriminatory and harassing behavior detrimentally affected Plaintiff because he did not feel that he could be "himself" (a transgender male who does not conform to sexual stereotypes for his biological gender – female) around his co-workers.

30. Instead of meaningfully addressing or investigating Plaintiff's aforesaid concerns of gender-based discrimination and/or sex-stereotyping, Eric simply laughed, said he would "talk" to Crawling, and informed Plaintiff to call in to work the next day, wherein he would "try" to place him with another truck driver. However, when Plaintiff called in on December 24, 2020, Eric

informed Plaintiff that he did not have any work for him and thereafter reduced his hours and/or removed him entirely from the schedule.

31. Despite being removed from the schedule entirely on or about December 24, 2020, in retaliation for his complaints of gender discrimination and/or sex-stereotyping, Plaintiff continued to call Eric on a near daily basis to inquire about his hours and work status until mid-January of 2021. However, Eric refused to schedule Plaintiff for any work, repeatedly informing Plaintiff "there is no work for you" – despite the fact that Defendant's Reading facility was consistently busy, and upon information and belief, there was plenty of work for Plaintiff.

32. As a result, Plaintiff believes that he was effectively terminated/constructively terminated on or about December 24, 2020.

33. Plaintiff believes and therefore avers that he was subjected to a hostile work environment and terminated because of his gender, for not conforming to typical gender stereotypes for his biological gender (female), and in retaliation for his complaints of gender discrimination and sex stereotyping.

## COUNT I
## Violations of Title VII
**([1] Gender Discrimination/Sex Stereotyping; [2] Hostile Work Environment; & [3] Retaliation)**

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. During Plaintiff's employment with Defendant, he was subjected to a hostile work environment by co-worker Crawling through gender-based and sex-stereotyping discriminatory and offensive comments and threatening conduct regarding members of the LBGTQA community, of which Plaintiff was a member as a transgender male, who does not conform to typical gender stereotypes for his biological gender (female).

7

36. Plaintiff was also subjected to disparate treatment, demeaning and/or derogatory treatment, and a reduction of hours, because of his gender and/or failure to conform to typical gender stereotypes for his biological gender (female) and for objecting to/complaining of gender-based and sex-stereotyping discrimination.

37. Plaintiff complained of the discriminatory conduct and hostile work environment that he was being subjected to because of his gender and for not conforming to typical gender stereotypes for his biological gender (female) to Defendant's management on several occasions.

38. On or about December 24, 2020, in close proximity to his most recent complaints of gender discrimination and sex stereotyping, Plaintiff was abruptly terminated/constructively terminated.

39. Plaintiff believes and therefore avers that he was subjected to a hostile work environment, a reduction of hours, and terminated because of his gender, for not conforming to typical gender stereotypes for his biological gender (female) and in retaliation for his complaints of gender discrimination and sex stereotyping.

40. These actions as aforesaid constitute unlawful violations under Title VII.

**COUNT II**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**([1] Gender Discrimination/Sex Stereotyping; [2] Retaliation; and [3] Hostile Work Environment)**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff properly exhausted his administrative remedies regarding his PHRA claims because he timely filed a Complaint with the PHRC, and the Complaint has been pending for at least one year.

43. The aforesaid Title VII allegations also constitute violations of the PHRA. Thus, Plaintiff's PHRA claims mirror the claims as set forth in his previous Title VII Count.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: June 29, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Levilaysha "Levi" Hoover : CIVIL ACTION
v. :
:
United Parcel Service, Inc. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 6/29/2022 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 169 N. 11th Street, Reading, PA 19604

Address of Defendant: 410 Reading Crest Avenue, Reading, PA 19605

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/29/2022                                                                                         ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*                                                              *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 6/29/2022                                                                                         ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*                                                              *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HOOVER, LEVILAYSHA "LEVI"

**DEFENDANTS**
UNITED PARCEL SERVICE, INC.

**(b)** County of Residence of First Listed Plaintiff: Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Berks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | 380 Other Personal Property Damage | | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 865 RSI (405(g)) | 893 Environmental Matters |
| | | | | | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | |
| 230 Rent Lease & Ejectment | [X] 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII an the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 6/29/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____